Frank M. Gasparo
Todd M. Nosher
**VENABLE LLP**
1270 Avenue of the Americas
New York, New York 10020
Telephone No.:  (212) 307-5500
Facsimile No.:  (212) 307-5598
FMGasparo@venable.com
TMNosher@venable.com

*Attorneys for Plaintiff Smart*
*Light Source Company, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMART LIGHT SOURCE COMPANY, LLC, <br><br>              Plaintiff, <br><br>    v. <br><br> RAILHEAD CORPORATION; DANIEL MESSER; and 6766285 CANADA INC. d/b/a DIVVALI LIGHTING INC. <br><br>              Defendants. | Civil Action No. <u>1:18-cv-3203</u> <br><br> *DOCUMENT FILED ELECTRONICALLY* <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Plaintiff Smart Light Source Company, LLC ("SLS") for its Complaint for Declaratory Judgment of Non-infringement against Defendants Railhead Corporation ("Railhead"); Daniel Messer; and 6766285 Canada Inc. d/b/a Divvali Lighting Inc. ("Divvali"), collectively ("Defendants"), hereby states and alleges as follows:

### NATURE OF THE ACTION

1.  This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeking a declaratory

judgment of non-infringement of U.S. Patent No. 9,499,180 ("the '180 Patent"), and for other relief against Defendants as the Court deems just and proper.

## PARTIES

2.   Plaintiff SLS is a limited liability company organized and existing under the laws of Delaware and having a principal place of business at 2635 E. 24th Street, Ste. 3, Brooklyn, New York, 11235. SLS is a leading manufacturer of high standard and innovative LED lighting products for use in, *inter alia*, locomotive and transit car applications.

3.   On information and belief, Defendant Railhead is a privately held corporation organized and existing under the laws of the State of Illinois and having a principal place of business at 224 Shore Court, Burr Ridge, Illinois, 60527.  Railhead purports to be the co-owner, along with Defendant Daniel Messer, of all rights, title and interest in and to the '180 Patent.  On information and belief, named co-inventor of the '180 Patent, Joseph Donnan, is President of Railhead.

4.   On information and belief, Defendant Daniel Messer is an individual residing at 5622 Blossom Avenue, Cote St-Luc, Québec, Canada, H4W 2T1. Daniel Messer purports to be the co-owner, along with Defendant Railhead, of all rights, title and interest in and to the '180 Patent. On information and belief, Daniel Messer is President of Defendant Divvali.

5.   On information and belief, Defendant Divvali is a privately held Canadian corporation doing business as Divvali Lighting Inc. (also known as Divvali LED Lighting & Design) with its principal place of business at 146 Promenade Ronald, Montréal, Québec, Canada, H4X 1M8.  On information and belief, Divvali has certain unrecorded rights to the '180 Patent, or is otherwise seeking to enforce rights in the '180 Patent.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over the subject matter of this action pursuant to at least federal question jurisdiction, 28 U.S.C. §§ 1331, 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

7.   This Court has personal jurisdiction over Defendant Railhead because Railhead has directly and/or indirectly committed acts within New York giving rise to this action and has established minimum contacts with New York such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

8.   Moreover—and in addition to—the reasons for personal jurisdiction stated *supra*, Defendant Railhead further availed itself to personal jurisdiction in New York by, *inter alia*, sending its cease and desist letters to SLS and threatening suit against SLS as discussed *infra*. On information and belief, Railhead is fully aware of the United States Supreme Court's ruling in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017)—a decision which predates Railhead's aforementioned letters. Accordingly, Railhead understands it must sue SLS for its claims of alleged infringement of the '180 Patent in the venue where SLS resides (where it is incorporated) or where SLS has a regular and established place of business.  SLS is incorporated in Delaware and has its regular and established place of business in New York and within this Judicial District. To carry out its specific threat of litigation against SLS, Railhead must be willingly to submit to the personal jurisdiction of this Court. By sending its cease and desist letters with threats of patent litigation against a company having a regular and established place of business in New York and within this Judicial District, and being aware that proper venue of such patent infringement action rests in this jurisdiction, Railhead has waived any argument that jurisdiction is not proper in the State of New York and within this Judicial District.

9.   This Court has personal jurisdiction over Defendant Daniel Messer because Daniel Messer has directly and/or indirectly committed acts within New York giving rise to this action and has established minimum contacts with New York such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

10. Moreover—and in addition to—the reasons for personal jurisdiction stated *supra*, Defendant Daniel Messer further availed himself to personal jurisdiction in New York by, *inter alia*, sending his cease and desist letter to SLS and threatening suit against SLS as discussed *infra*.  On information and belief, Daniel Messer is fully aware of the United States Supreme

Court's ruling in *TC Heartland LLC*, 137 S. Ct. 1514—a decision which predates Daniel Messer's aforementioned letter.  Accordingly, Daniel Messer understands he must sue SLS for his claims of alleged infringement of the '180 Patent in the venue where SLS resides (where it is incorporated) or where SLS has a regular and established place of business. SLS is incorporated in Delaware and has its regular and established place of business in New York and within this Judicial District.  To carry out his specific threat of litigation against SLS, Daniel Messer must be willingly to submit to the personal jurisdiction of this Court. By sending his cease and desist letter with threats of patent litigation against a company having a regular and established place of business in New York and within this Judicial District, and being aware that proper venue of such patent infringement action rests in this jurisdiction, Daniel Messer has waived any argument that jurisdiction is not proper in the State of New York and within this Judicial District.

11. This Court has personal jurisdiction over Defendant Divvali because Divvali has directly and/or indirectly committed acts within New York giving rise to this action and has established minimum contacts with New York such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

12. Moreover—and in addition to—the reasons for personal jurisdiction stated *supra*, Defendant Divvali further availed itself to personal jurisdiction in New York by, *inter alia*, sending its cease and desist letter to SLS and threatening suit against SLS as discussed *infra*.  On information and belief, Divvali is fully aware of the United States Supreme Court's ruling in *TC Heartland LLC*, 137 S. Ct. 1514—a decision which predates Divvali's aforementioned letter. Accordingly, Divvali understands it must sue SLS for its claims of alleged infringement of the '180 Patent in the venue where SLS resides (where it is incorporated) or where SLS has a regular and established place of business.  SLS is incorporated in Delaware and has its regular and established place of business in New York and within this Judicial District. To carry out its specific threat of litigation against SLS, Divvali must be willingly to submit to the personal jurisdiction of this Court.  By sending its cease and desist letter with threats of patent litigation against a company having a regular and established place of business in New York and within

this Judicial District, and being aware that proper venue of such patent infringement action rests in this jurisdiction, Divvali has waived any argument that jurisdiction is not proper in the State of New York and within this Judicial District.

13. Venue is proper in this judicial district pursuant 28 U.S.C. §§ 1391(b) and (c) as this Court has personal jurisdiction over Defendants and because a substantial part of the events giving rise to this declaratory judgment action occurred in this District.

## THE PATENT-IN-SUIT

14. The '180 Patent, entitled "Locomotive Headlamp" issued on November 22, 2016 by the United States Patent and Trademark Office ("PTO").  A copy of the '180 Patent is attached hereto as **Exhibit A**.

15. The '180 Patent lists Joseph Donnan of Oak Lawn, Illinois and Defendant Daniel Messer as named inventors.

16. The '180 Patent lists Defendant Railhead and Defendant Danial Messer as named Applicants.

17. Defendants Railhead and Daniel Messer, together through their collective accusations of infringement and threats of litigation discussed *infra*, purport to be co-owners of the '180 Patent.

18. On information and belief, Defendant Divvali has certain unrecorded rights to the '180 Patent, or is otherwise seeking to enforce rights in the '180 Patent. Indeed, given Defendants' May 17, 2018 cease and desist letter and threats of litigation to SLS on Divvali letterhead, by and through Divvali's in-house counsel, and in view of counsel's use of the term "we" throughout her letter (instead of referring to Daniel Messer alone), there is sufficient cause for SLS to believe that Divvali has some interest in and to the '180 Patent.

## CASE AND CONTROVERSY

19. The Declaratory Judgment Act provides courts with jurisdiction over declaratory judgment actions when there is a justiciable case or controversy. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007) (citing 28 U.S.C. § 2201(a)).  A controversy exists when "the

facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

20. On September 27, 2017, Railhead served a letter dated September 25, 2017 on SLS enclosing a copy of the '180 Patent, and stating that SLS "infringes upon one or more claims set forth in the '180 [Patent]." A true and correct copy of Railhead's September 27, 2017 letter is attached hereto as **Exhibit B**. Railhead's letter specifically alleged that SLS' product bearing Item Code No. 50LEDPAR56/SP 75V directly and/or indirectly infringes one or more claims of the '180 Patent, and demanded that SLS "cease and desist from manufacturing, contracting for the manufacture, importing, distributing, offering for sale, and selling" the foregoing product immediately. Additionally, Railhead made direct threats of legal action, to wit:

> Railhead will not condone nor ignore this infringement and intends to hold SLS legally accountable. Railhead will seek fair and reasonable compensation for the patent infringement. Accordingly, Railhead reiterates its demand as set forth in this letter. Should SLS fail to comply with the demand completely and in a timely fashion as exclusively determined by Railhead, Railhead will pursue any and all of its legal remedies to the fullest extent of the law. Absent complete compliance with the demand made herein, Railhead may initiate litigation in the United States District Court for the District of Illinois[1] [sic] for statutory damages, actual damages equivalent to sales generated by SLS as a result of this infringement, and for all other rights and remedies available at law and in equity.

21. Railhead's September 27, 2017 Letter offered no factual or legal explanation underlying its claims of infringement.

22. On October 4, 2017, SLS responded through counsel acknowledging receipt of Railhead's September 27, 2017 letter. Specifically, SLS stated that it was reviewing the claims set forth therein and invited a teleconference between counsel to discuss the matter in further detail. A true and correct copy of SLS' October 4, 2017 letter is attached hereto as **Exhibit C.**

---

[1] While currently there is no United States District Court for the District of Illinois, SLS presumes Railhead means the United States District Court for the Northern District of Illinois given Railhead's commercial address. Regardless, and as stated *supra*, Railhead's letter was sent months after the *TC Heartland* decision which makes clear that Railhead cannot file suit for patent infringement against SLS in any jurisdiction other than this Court or the United States District Court for the District of Delaware.

23. Ostensibly declining SLS' proffer for a teleconference, Railhead sent a follow-up letter on October 12, 2017, reasserting its claims of infringement and threats of legal action. A true and correct copy of Railhead's October 12, 2017 letter is attached hereto as **Exhibit D.**

24. Railhead's October 12, 2017 letter once again offered no factual or legal explanation underlying its claims of infringement.

25. That same day, SLS responded by letter seeking clarification of Railhead's accusations given the lack of substantive analysis in Railhead's letters, and further inviting a teleconference between counsel. A true and correct copy of SLS' October 12, 2017 letter is attached hereto as **Exhibit E.**

26. On October 20, 2017, SLS wrote to Railhead refuting Railhead's infringement allegations as baseless. SLS further represented that it had not sold a single unit of the product accused in Railhead's letters. And despite Railhead's infirm accusations of infringement, in an effort to avoid litigation, SLS agreed not to sell, or offer to sell, the specific product accused in Railhead's prior letters as expressly identified by Item Code No. 50LEDPAR56/SP 75V. SLS made no other concessions in its letter. A true and correct copy of SLS' October 20, 2017 letter is attached hereto as **Exhibit F.**

27. That same day, Railhead responded by letter stating, *inter alia*, that it would not consider the dispute resolved until SLS' full compliance with all of Railhead's demands, including the new demand of "immediate and continuous relinquishment of SLS from participating in this market." A true and correct copy of Railhead's October 20, 2017 letter is attached hereto as **Exhibit G**.

28. Railhead's October 20, 2017 Letter still offered no factual or legal explanation underlying its claims of infringement.

29. On October 23, 2017, SLS responded to Railhead by letter stating that "there is no agreement by SLS not to sell any products moving forward 'in this market' or any other market." A true and correct copy of SLS' October 23, 2017 letter is attached hereto as **Exhibit H**.

30. Railhead never responded to SLS' October 23, 2017 Letter.

31. On May 17, 2018 Defendants Daniel Messer and Divvali, through their shared counsel, wrote to SLS accusing it of infringing the '180 Patent and stating that the "[f]ailure to address the issues in a substantive manner, such as withdrawing the infringing lamp from commercial distribution will result in no other choice but to institute legal proceedings in order to ensure the respect of the '180 patent."  Moreover, because this letter referenced certain of the aforementioned correspondence between Railhead and SLS, correspondence to which only SLS and Railhead were privy, there is sufficient cause for SLS to believe that Railhead was indirectly involved in the drafting and/or sending of this letter.  A true and correct copy of Defendants' May 17, 2017 letter is attached hereto as **Exhibit I**.

32. Defendants' May 17, 2018 Letter accuses SLS product bearing Item Code No. 75VDC-60W-LED-PAR56 (the "Accused Product") as infringing the '180 Patent.

33.  Defendants' May 17, 2018 Letter offered no factual or legal explanation underlying their claim of infringement.

34. Because all alleged owners of the '180 Patent have now accused SLS of infringing the '180 Patent and have each threatened litigation, an actual, substantial and justiciable controversy exists between SLS and Defendants concerning SLS' non-infringement of the '180 Patent, namely with respect to the Accused Product.

## <u>COUNT ONE</u>
**(Declaratory Judgment of Non-Infringement of the '180 Patent)**

35. SLS incorporates herein by reference all allegations set forth in paragraphs 1 through 34 above.

36. No claim of the '180 Patent has been or is infringed by SLS' Accused Product, either directly or indirectly, literally or under the doctrine of equivalents.

37. No claim of the '180 Patent has been or is willfully infringed by SLS' Accused Product.

38. Accordingly, an actual and justiciable controversy exists between SLS and Defendants concerning SLS' non-infringement of the '180 Patent.  As a result of Defendants'

acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Defendants, on the one hand, and SLS, on the other hand, to warrant the issuance of a declaratory judgment that SLS' Accused Product has not and does not infringe directly or indirectly, literally or under the doctrine of equivalents, any claim of the '180 Patent.

## JURY DEMAND

39. SLS demands a trial by jury of all issues triable of right by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, SLS respectfully requests:

A)      A declaration that SLS' Accused Product has not and does not infringe, willfully or otherwise, either directly or indirectly, any claim of the '180 Patent, either literally or under the doctrine of equivalents;

B)      An order that Defendants and each of their officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against claiming that the '180 Patent is infringed by SLS;

C)      A declaration that this an exceptional case under 35 U.S.C. § 285, and awarding SLS its costs, expenses and attorneys' fees; and

D)      Any other relief that the Court deems just and proper.

Respectfully submitted,

Dated: May 31, 2018                      ___/s/Frank M. Gasparo_____
                                         Frank M. Gasparo


                                         Frank M. Gasparo
                                         Todd M. Nosher
                                         **VENABLE LLP**
                                         1270 Avenue of the Americas
                                         New York, New York 10020
                                         Telephone No.:  (212) 307-5500
                                         Facsimile No.:  (212) 307-5598
                                         FMGasparo@venable.com
                                         TMNosher@venable.com

                                         *Attorneys for Plaintiff Smart*
                                         *Light Source Company, LLC*